S. T. HOOKER v. J. B. HARDEE and LEON T. HARDEE.

(Filed 29 September, 1926.)

**Bills and Notes—Negotiable Instruments—Fraud—Burden of Proof.**

> Where the holder of a note alleges he is the holder in due course, and there is allegation in reply with evidence that he acquired with knowledge of payee's fraud, the burden is on the holder in his action on the note to show he was an innocent purchaser for value. C. S., 3033, 3036, 3038, 3040.

APPEAL by plaintiff from *Nunn, J.,* at April Term, 1926, of PITT. No error.

Action upon note executed by defendants, payable to order of the Atlantic Coast Realty Company. Plaintiff alleges that he is the holder in due course of said note. This allegation is denied in the answer of defendants, who further allege that the execution of said note was procured by the fraud of payee, and that plaintiff had full knowledge of such fraud at the time he acquired said note. The jury having found that defendants are not indebted to plaintiff, as alleged in the complaint, judgment was rendered that plaintiff take nothing by his action. From this judgment plaintiff appealed to the Supreme Court.

*J. C. Lanier for plaintiff.*
*F. G. James & Son for defendants.*

PER CURIAM. There was evidence, offered by defendants tending to show that the title of payee, by whom plaintiff alleged the note was negotiated to him, was defective, in that its execution was procured by the fraud of said payee, C. S., 3036; plaintiff contended that such defense was not available as against him, for that he is a holder of said note in due course. The presumption, by virtue of C. S., 3040, that plaintiff, as holder of said note was a holder in due course, and therefore held the note free from any defect in the title of the payee, C. S., 3038, did not apply, upon the finding by the jury, from the evidence, that the title of payee was defective as alleged by defendants. The burden was upon plaintiff to prove that he acquired title as a holder in

due course, C. S., 3040. He was therefore required to prove that he took the note, by indorsement, of the payee, upon the conditions set out in C. S., 3033. See citations under respective sections of Consolidated Statutes.

His Honor so instructed the jury. Assignments of error based upon exceptions to the charge cannot be sustained.

We have examined the exceptions to the admission of evidence tending to show the circumstances under which the note was executed by defendants and transferred to plaintiff. This evidence was competent to sustain defendants' allegations that the execution of the note was procured by fraud of the payee, and that plaintiff took the note with full knowledge of such circumstances. The exceptions cannot be sustained. Judgment affirmed. There is

No error.